# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| EVELYN LOUISE RANES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 05-1289-CV-W-DW-P |
| | ) | No. 03-0333-01-CR-W-DW |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Before the Court is Evelyn Ranes' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.§ 2255 (Docs. 1 & 4.) Movant seeks relief from the 41-month sentence imposed following her conviction for violating 18 U.S.C. § 2113(a). In her motion, Movant claims that she is entitled to resentencing under Booker because her sentence was enhanced for two facts not alleged in the information nor admitted in a plea or found by a jury. The Government has responded to the Court's Order to Show Cause why the requested relief should not be granted (Doc. 6.) Movant then filed a response (Doc. 8.) After consideration of the record and the parties' arguments, the Court denies the pending § 2255 motion.

I. Discussion

    A. Evidentiary Hearing

Movant requests a hearing on the pending motion. A § 2255 motion can be resolved without a hearing if: (1) the movant's allegations, accepted as true, would not entitle her to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact. Sanders v. United States, 347 F.3d 720, 721 (8th Cir. 2003). The record in this case contains all of the information needed

to rule on the motion. Even accepting Movant's allegations as true, she is not entitled to relief as a matter of law. Accordingly, Ranes' request for a hearing is denied.

        B.     Booker Claims

Movant contends that her sentence is unconstitutional under Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005), because her Sentencing Guidelines range was increased by enhancements that were not admitted by Movant or found by a jury. Respondent contends that Movant is not entitled to resentencing because Blakely and Booker are not retroactive to cases on collateral review. (Doc. 6, p. 4.) The Court agrees.

The United States Court of Appeals for the Eighth Circuit has held that the "new rule" announced in Booker does not apply to criminal convictions that became final before the rule was announced and, thus, does not apply retroactively to cases on collateral review. Never Misses A Shot v. United States, 413 F.3d 781 (2005). Thus, Booker does not apply to Movant's 2004 sentence.

Accordingly, the Court DENIES the motion to vacate, set aside, or correct the sentence in the above-captioned criminal action. This case is dismissed *with prejudice*.

IT IS SO ORDERED.

Date    4/14/06                                              /s/ Dean Whipple
                                                                          Dean Whipple
                                                              United States District Court